IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREDIE LAUREANO, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | Case No. |
| RADIUS GLOBAL SOLUTIONS, LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Fredie Laureano, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, emotional distress caused by Defendant contacting him in attempting to collect an alleged debt, even though his attorneys notified Defendant to stop communications.

1

5. Plaintiff has thus suffered an injury because of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Fredie Laureano ("Plaintiff" or "Mr. Laureano"), is a resident of the State of Illinois, from whom Defendant attempted to collect an alleged delinquent consumer, used for personal, family or household purposes. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Radius Global Solutions, LLC ("Radius") is a Minnesota based limited liability company that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, and is licensed to operate in the state of Illinois.

8. Defendant Radius acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

9. Radius is licensed as a collection agency in the State of Illinois.

## **FACTUAL ALLEGATIONS**

10. Defendant has alleged that Plaintiff incurred a debt for a consumer credit account to US Bank, N.A. ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Defendant has alleged that Plaintiff failed to pay the alleged debt, and that his account subsequently entered default.

12. Defendant Radius began attempting to attempt to collect the debt from Plaintiff on behalf of US Bank, N.A.

13. Unsure of what to do, and disputing the validity of the alleged debt, Plaintiff obtained counsel to represent his interests and to contact Defendant.

14. Plaintiff's counsel then notified Defendant that Plaintiff was represented by counsel and disputed the alleged debt.

15. On July 8, 2019, Plaintiff's counsel sent a letter to Defendant stating that Plaintiff was represented by counsel in regard to the debt and that the amount that Defendant was reporting was inaccurate. (Exhibit A, Letter).

16. Defendant received the letter shortly thereafter.

17. On July 8, 2019, Defendant knew that Plaintiff was represented by counsel because it had received notification of his representation in regard to the alleged debt.

18. Despite the fact that Defendant knew or should have known that Plaintiff was represented by counsel, it contacted Plaintiff directly in an attempt to collect the alleged debt.

19. Specifically, Defendant mailed Plaintiff a collection letter on July 30, 2019, seeking to collect the alleged debt. (Exhibit B, July 30, 2019 Collection Letter).

20. Defendant also sent Plaintiff another collection letter to Plaintiff on September 4, 2019 seeking to collect the alleged debt. (Exhibit C, September 4, 2019 Collection Letter).

21. The letters were mailed directly to Plaintiff and contained an alleged balance, the name of the alleged creditor, and a request to pay the debt.

22. The letters were communications as that term is defined at § 1692a(2) of the FDCPA, since they related to Defendant's attempted collection of the alleged debt.

23. 15 U.S.C. § 1692c(a)(2) of the FDCPA provides in relevant part follows:

**Communication in connection with debt collection**

**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**

\*\*\*\*\*\*\*

**(2) If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer…**

24. Radius violated 15 U.S.C. § 1692c(a)(2) of the FDCPA when it contacted Plaintiff directly via mail, instead of contacting his attorney, since his attorney had notified Radius that Plaintiff was represented by counsel in regard to the debt.

25. Defendant knew that Plaintiff was represented by counsel—whose name, address, and telephone number they were also aware of—because Plaintiff's counsel provided that information to Defendant on July 8, 2019.

26. Section 1692f of the FDCPA provides in relevant part:

**Unfair practices 15 USC 1692f**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

27. Radius violated 15 U.S.C. § 1692f of the FDCPA when it contacted Plaintiff directly in an attempt to collect the alleged debt, even though it knew Plaintiff was represented by counsel, since this was an unfair and unconscionable means to attempt to collect the debt.

28. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

29. Defendant's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

31. Radius violated 15 U.S.C. § 1692c(a)(2) of the FDCPA when it communicated with Plaintiff directly, instead of contacting his attorney, since his attorney had notified Radius that Plaintiff was represented by counsel with regard to the debt.

32. Radius violated 15 U.S.C. § 1692f of the FDCPA when it contacted Plaintiff directly in an attempt to collect the alleged debt, even though it knew Plaintiff was represented by counsel, since this was an unfair and unconscionable means to attempt to collect the debt.

33. Plaintiff suffered actual damages due to emotional distress caused by Defendant's contact with Plaintiff after it had been notified that Plaintiff was represented by counsel.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant for the counts alleged above for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages from each defendant pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
Chicago Consumer Law Center, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys